**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**FLORENCE CHU TUNG and RAYMOND M. SIDNEY,**

      **Plaintiffs,**

**-vs-**                **Case No.  6:07-cv-1158-Orl-31DAB**

**VICTOR J. RAGUCCI,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on review of the file.  On June 23, 2008, the undersigned issued an Order to Show Cause (Doc. No. 34) directed to Defendant, regarding what the Court perceived as Defendant's abandonment of his defense in this case.  As pointed out in the Order, Defendant had failed to appear at a hearing, despite a Court Order requiring his attendance (Doc. Nos. 17 and 19), had failed to attend his deposition, despite notice of same (Doc. No. 30), and had failed to file a response to the motion for sanctions.  To date, Defendant has also failed to file a response[1] to the show cause Order.

  In granting defense counsel's prior motion to withdraw, the Court advised Defendant that "unless and until substitute counsel shall appear on his behalf, he is personally responsible for the defense of this action, including compliance with all Court orders, federal and local rules, and all case

---

[1] Defendant has filed a Motion for Hearing before Judge Presnell, which does not address his failing to appear at deposition or respond to the motion for sanctions (Doc. No. 32).  The motion for hearing was denied, in any event (Doc. No. 33).  Defendant has also apparently mailed correspondence directly to the Judge, in violation of Local Rule 3.01(f).  The Court does not consider correspondence as a responsive *filing,* and the correspondence was returned, unread.

management deadlines" and that "[f]ailure to comply with all applicable rules and orders may lead to the imposition of sanctions, which may include monetary sanctions and/or the striking of pleadings and the entry of a default judgment against him." (Doc. No. 19). In the Order to Show Cause, the Court again cautioned Defendant that "failure to timely file the written response ordered herein shall result in the imposition of sanctions, which may include the striking of pleadings and entry of a default, as well as monetary sanctions, without further notice." (Doc. No. 34). In view of the history of the case and absent a timely filing responsive to the Court's Order, the Court concludes that, for whatever reason, Defendant is either unwilling or unable to defend, and sanctions are appropriate.

It is therefore **respectfully recommended** that Defendant's answer be **stricken** and a default be entered against him, for abandonment of his defense. Should this recommendation be adopted, it is further recommended that Plaintiff's motion for partial summary judgment (Doc. No. 28) and motion for sanctions (Doc. No. 30) be **denied, as moot,** and Plaintiffs be directed to promptly move for entry of default judgment, upon properly supported Affidavits.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 8, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy