**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FLORENCE CHU TUNG and RAYMOND M. SIDNEY,**

       **Plaintiffs,**

**-vs-**                                           **Case No. 6:07-cv-1158-Orl-31DAB**

**VICTOR J. RAGUCCI,**

       **Defendant.**

_____

## ORDER

This matter came on for consideration following the filing of certain motions and papers by Plaintiffs. By prior Order, the Court directed the filing of a report "setting forth the substance of the responses filed by the Garnishee (if any) and Defendants (if any), what additional proceedings are desired or required (if any), indicating whether Plaintiffs have satisfied the attorney's fee request or whether an Order of the Court is necessary, and, to the extent additional proceedings are desired, Plaintiffs shall confer with the Garnishees and Defendants regarding the type of proceeding desired, and suggestions regarding scheduling." (Doc. No. 106). In response, Plaintiffs have filed a Status Report Regarding Writs of Garnishment Directed to Third Parties (Doc. No. 108).

The Status Report, which includes a chart of the information requested by the Court, notes that, no additional proceedings are required for the majority of the Writs issued, as the garnishees were not indebted to Defendant at the time they were served with a Writ of Garnishment. Plaintiffs identify two Writs that require additional proceedings: the Writ issued to SunTrust Bank and the Writ issued to Victor J. Ragucci Family Trust.

According to the Report, SunTrust is in the possession of a safe deposit box owned by the Defendant and Plaintiffs intend to file a motion for an order authorizing an inventory of the contents of the box.[1] With respect to the Victor J. Ragucci Family Trust, the Report notes that "Garnishee has requested a hearing on Garnishee's request for statutory attorney's fees," referencing an "Answer prepared by Jeanne P. Ragucci" and noting that Plaintiff's counsel believes no attorney's fee is owed as Ms. Ragucci is not an attorney. (Doc. No. 108-2). The Court notes, however, that the Answer of Garnishee Victor J. Ragucci Family Trust, which requested payment of the fee but not a hearing, was signed and filed by John G. Pierce, Esquire (Doc. No. 69). Thus, the Report appears to be in error. To the extent Plaintiffs have not tendered the statutory attorney's fee to Mr. Pierce, they are **directed** to do so promptly.

In the Report, Plaintiffs request "that the Court consider dissolving all Writs of Garnishment except for the SunTrust Bank writ." The request is **granted.** The Writs listed on Exhibit A of the Report are **dissolved**, **with the exception of the SunTrust Bank Writ.** The Clerk is directed to terminate the appearances of counsel for the Garnishees, except for SunTrust Bank.

> **MOTION:** **EX PARTE MOTION FOR ORDER DIRECTING COMPLETION OF FORMS (Doc. No. 111)**
>
> **FILED:** **January 23, 2009**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **STRICKEN.** The Clerk is directed to delete the document from the electronic record.

No good cause for filing the motion *ex parte* is shown. The motion may be refiled in the public record, if desired.

---

[1] That motion has been recently filed and will be considered when it is ripe for decision.

**DONE** and **ORDERED** in Orlando, Florida on January 27, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties